UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRYAN P. HEWITT, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | No. 1:06-cv-458-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

Bryan Hewitt seeks a writ of habeas corpus with respect to his 1996 convictions in Tippecanoe County for drug offenses and for maintaining a common nuisance.

Because Hewitt's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Hewitt's convictions were affirmed on direct appeal on November 12, 1997. Hewitt's convictions became final on February 10, 1998. This date marked the expiration of time within which to seek a writ of certiorari from the United States Supreme Court. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).
The federal habeas clock thus began to run on February 11, 1998.

The running of the habeas clock was interrupted on March 3, 1998, when Hewitt filed an action for post-conviction relief. 28 U.S.C. § 2244(d)(2); *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002). That action remained pending until January 3, 2001. The clock began to run again on January 4, 2001, with 347 days remaining of the 1-year period. That period then expired on December 17, 2001. The habeas petition in this action was signed, and hence can be construed as having been "filed," on March 9, 2006. This was more than four (4) years after the statute of limitations expired.

Hewitt makes the point in reply that the Indiana courts did not rejected his bid to file a successive action for post-conviction relief until January 4, 2006, and that it is this day which marks the end of the tolling period under § 2244(d)(2). In relation to this day, of course, his filing of March 9, 2006, would have been well within the 1-year statute of limitations. However, this position was rejected in *Tinker v. Hanks,* 172 F.3d 990 (7th Cir. 1999), because a request to file a successive post-conviction petition which is rejected is not a "properly filed" post-conviction action under Indiana state law. *See* 28 U.S.C. § 2244(d)(2) (the running of the 1-year period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Hewitt has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  05/19/2006

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana